Dear Mr. Torres:
This office is in receipt of your request for an opinion of the Attorney General relative to the impact of Act 999 of 1995 on Atty. Gen. Op. No. 92-849 relative to legislators being able to purchase service credit as an elected public official to gain eligibility for retirement.
This office stated in Atty. Gen. Op. No 92-849 in part as follows:
 LSA-R.S. 24:36 J., K. and L., added in 1992 by Act 518 of the Regular Session, concern the purchase of credit for prior service as an elected public official "as will allow the person to receive the additional benefit provided for in Subsection A of this Section . . ." LSA-R.S. 24:36 A. concerns and provides for the percentage (of salary for retirement benefit) for each year of creditable service. Subsections A., J. K. and L. concern what percentage of his salary or "how much" the retiree will receive; they do not concern nor provide for the required years of creditable service necessary to qualify for retirement (when the person may retire), as do Subsections C. (1) and (2).
 Therefore, it is the opinion of this office that LSA-R.S. 24:36C. (1) is modified and conditioned by, and is to be read in connection, with Subsection C. (2). These two provisions go together. However, Subsections J., K. and L. do not modify, condition, supplement nor concern the provisions of Subsections C. (1) and (2), and they are therefore not to be read as modifying, conditioning or supplementing Subsections C. (1) or (2). Thus, while a legislator may obtain credit for years of service as an elected public official, in this case, a school board member, for years served in the early to mid 1980s for the purpose of receiving the additional benefit in determining the amount
of his retirement, he may not obtain or include such years of service for the purpose of acquiring the required years of creditable service with regard to his eligibility for retirement.
We note that R.S. 24:36(2) provided as follows:
 Credit obtained for service rendered as an elected public official of this state shall not count as creditable service as a member of the legislature or as governor, lieutenant governor, or state treasurer for the purpose of acquiring the required years of creditable service as a member of the legislature, or as governor, lieutenant governor, or state treasurer, unless at the time of retirement the member of the legislature or as governor, lieutenant governor, or state treasurer has credit for at least seven years of actual service as a member of the legislature or as governor, lieutenant governor, or state treasurer. If a member of the legislature, or a governor, lieutenant governor, or state treasurer does not obtain credit for at least seven years of actual service as a legislator, or governor, lieutenant governor, or state treasurer, any credit obtained for service as an elected public official as listed in R.S. 18:551(B)(2), (3), and (4) of Act 697 of the 1976 Regular Session of the Legislature by any such person shall only count as other creditable service, If a member of the legislature, or a governor, lieutenant governor, or a state treasurer does obtain credit for at least seven years of actual service as a legislator, or a governor, lieutenant governor, or state treasurer, then nothing herein shall limit the number of years that shall be counted as regular service for computing retirement benefits.
By Act 999 of 1995 Section 1 of R.S. 24:36(C)(1) and (2) were amended and reenacted to provide for similar provisions as previously existed. However, Section 2 set forth the following:
 Notwithstanding any other provision of law or interpretive opinion to the contrary, including but not limited to Louisiana Attorney General Opinion Number 92-849, Subsection J, K, and L of R.S. 24:36 shall modify, condition, and supplement the provisions of Subsection C of R.S. 24:36.
It is clear that the Legislature intended to overrule the opinion of the Attorney General which concluded that Subsections J, K, and L were not to be read as modifying Paragraph C(1) or (2) and to overrule the conclusion that a Legislator could obtain credit of years of service as an elected public official for additional benefits but could not obtain or include such service to acquire the necessary years of creditable service toward eligibility for retirement.
Accordingly, we must conclude as mandated by the Legislator that Subsections J, K, and L of R.S. 24:36 "shall modify, condition, and supplement the provisions of Subsection C of R.S. 24:36."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE Assistant Attorney General
BBR